## Case No. 11,093.

### PHILIPS v. ERWIN.

[1 Overt. 235.]

Circuit Court, D. North Carolina. June, 1807.

PUBLIC LANDS—VALIDITY OF GRANT—SIGNATURE
—NORTH CAROLINA STATUTE—NOV., 1771,
C. 1, § 15: 1783, C. 2, § 15.

[The governor's act in signing and affixing the state seal to a land grant, makes it operative without countersignature by the secretary of state.]

[Cited in Le Roy v. Clayton, Case No. 8,268.]

The defendant relied principally upon the statute of limitations, and produced a grant which had not been countersigned by the secretary. It was objected that this was no grant, as it wanted one of the essential requisites of a grant, the countersignature of the secretary of state. Nov. 1777, c. 1, § 15; 1783, c. 2, § 15.

PER CURIAM. This is a good grant, notwithstanding the secretary has omitted to countersign it. The grant is authentic, and passes the interest of the state, when the governor puts his signature and the seal of the state. The act, as to the countersignature by the secretary and recording the same, is directory, and, should the secretary neglect to do his duty, it should not operate to the prejudice of the grantee in making his grant void.[1] Suppose a person takes a deed to a register of a county who returns it as registered, when in truth it was not. This neglect shall not injure the owner of the deed. In fact, it must be considered as registered from the time it is left with the register, the owner having performed all the law required of him.

[1] See Hardin, 348, 508; 3 Bin. 30, 32; Taylor v. Quarles [unreported] S. C. U. S. 1812, MSS.